COURT OF APPEALS
DECISION
DATED AND FILED

February 25, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2019AP633**

**STATE OF WISCONSIN**

Cir. Ct. No.  **2018CV6557**

**IN COURT OF APPEALS
DISTRICT I**

VISTELAR, LLC,

PLAINTIFF-APPELLANT,

V.

CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY,

DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Milwaukee County: STEPHANIE ROTHSTEIN, Judge. *Affirmed*.

Before Brash, P.J., Dugan and Donald, JJ.

¶1    DONALD, J.  Vistelar, LLC, appeals the order granting summary judgment to Cincinnati Specialty Underwriters Insurance Company (Cincinnati), in which the circuit court determined that Cincinnati did not have a duty to defend

Vistelar against claims of trademark infringement brought against Vistelar by Verbal Judo Institute, Inc. (Verbal Judo). We affirm.

## BACKGROUND

¶2 This case arises from an insurance coverage dispute concerning Cincinnati's duty to defend Vistelar under a Claims Made Errors and Omissions liability policy that Cincinnati issued to Vistelar. The issue before us on appeal is whether the circuit court properly determined, as a matter of law, that the liability policy did not provide coverage for the allegations contained in a lawsuit filed against Vistelar by Verbal Judo, and in turn, whether Cincinnati breached its duty to defend Vistelar against those allegations.

¶3 The underlying facts are not in dispute. Vistelar and Verbal Judo executed a memorandum of understanding on October 12, 2010, in which Verbal Judo granted Vistelar an exclusive license to use certain intellectual property. The memorandum of understanding expired after three years, in October 2013, without a successor agreement. On October 16, 2013, Verbal Judo sent Vistelar a letter stating that it would not extend Vistelar's license to use its intellectual property because of Vistelar's failure to provide certain revenues and demanding that Vistelar cease using Verbal Judo's materials, products, and intellectual property. Vistelar responded to the letter, listing its own set of grievances against Verbal Judo, but stating that it "[would] make every effort to cease using [Verbal Judo's] materials or [Vistelar] ha[d] ceased using [Verbal Judo's] materials."

¶4 Cincinnati issued a liability policy to Vistelar with a commencement date of August 8, 2016. The policy had a retroactive date of August 8, 2011 (the "look back date"). As relevant to this appeal, the policy provided:

### 1. Insuring Agreement

**a.** We will pay those sums, in excess of the retention, that the insured becomes legally obligated to pay as "damages" as a result of any injury caused by a "wrongful act" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those "damages". However, we will have no duty to defend the insured against any "suit" seeking "damages" to which this insurance does not apply….

**b.** This insurance applies to injury only if:

….

**(3)** The "wrongful act" causing injury did not occur before the Retroactive Date … or after the end of the policy period;

**(4)** A claim for "damages" because of the "wrongful act" is first made against any insured in accordance with Paragraph d. below, during the policy period or any Extended Reporting Period we provide under Section VI - Extended Reporting Period; and

**(5)** Prior to the policy period, you did not know, per Paragraph 1.c. below, that the injury had occurred or had begun to occur, in whole or in part.

**c.** *You will be deemed to know that injury has occurred at the earliest time when any "authorized representative"*:…

**(1)** Reports all, or any part, of the injury to us or any other insurer;

**(2)** Receives a written or verbal demand or claim for "damages" because of the injury;

**(3)** First observes, or reasonably should have first observed, the injury;

**(4)** *Becomes aware, or reasonably should have become aware, by any means other than as described in (3) above, that injury had occurred or had begun to occur*; or

**(5)** Becomes aware, or reasonably should have become aware, of a condition from which injury is substantially certain to occur.

**d.** A claim by a person or organization seeking "damages" will be deemed to have been made at the earlier of the following times:

**(1)** When an insured reports to us an incident or occurrence that may lead to a claim or loss; or

**(2)** When notice of such injury or claim is received by an "authorized representative" as outlined in Paragraph c. above, or by us, whichever comes first.

**e.** *This insurance does not apply to any claim for "damages" or any "wrongful act"*:

**(1)** Reported to you or any other insured prior to the effective date of this policy; or

**(2)** *Known by you or any other insured prior to the effective date of this policy, which could reasonably be expected to result in any payment under this policy.*

(Emphasis added.) The liability policy defines the terms "suit" and "wrongful act" in pertinent part as follows:

**15.** "Suit" means a civil proceeding in which money "damages" because of injury to which this insurance applies are alleged….

….

**17.** "Wrongful act"

**a.** Means any actual or alleged negligent act, error or omission in the rendering or failing to render "professional services" for others by an insured; and

**b.** Shall include all related negligent acts, errors, or omissions arising out of the rendering or failing to render "professional services" to any one person or organization as one "wrongful act", regardless of the time frame over which such "wrongful acts" occur.

¶5 On July 21, 2017, Verbal Judo sued Vistelar in the United States District Court for the Northern District of New York seeking damages and injunctive relief based on allegations of Vistelar's trademark infringement. Vistelar

tendered its defense to Cincinnati. In a letter to Vistelar, Cincinnati denied coverage and declined to defend Vistelar stating, among other things, that the allegations against Vistelar show that Vistelar knowingly engaged in the unauthorized use of Verbal Judo's trademarks after October 2013.

¶6 Vistelar then filed the lawsuit underlying this appeal and a motion for declaratory judgment, alleging that Cincinnati owed Vistelar a duty to defend and a duty to indemnify under the terms of the liability policy. Cincinnati moved for summary judgment arguing that: (1) Verbal Judo's underlying lawsuit "did not seek damages for injury caused by Vistelar's 'wrongful act' within the meaning of the insuring agreement of the [errors and omissions] policy," and (2) Verbal Judo's "complaint does not trigger the policy's initial grant of coverage because Vistelar knew [Verbal Judo's] alleged injuries occurred or had begun to occur prior to the policy period." (Bolding omitted.)

¶7 The circuit court determined that in accordance with the policy, Verbal Judo's initial lawsuit alleged a "wrongful act" and that the events giving rise to the underlying lawsuit occurred subsequent to the retroactive date in the policy. Accordingly, the circuit court found that the liability policy provided an initial grant of coverage. However, the circuit court also found that Vistelar's conduct fell within an applicable exclusion. Specifically, the circuit court relied on the following provisions:

> **b.** This insurance applies to injury only if:
>
> **(1)** The injury is caused by a "wrongful act" that takes place in the "coverage territory";
>
> ....
>
> **(5)** Prior to the policy period, you did not know, per Paragraph 1.c. below, that the injury had occurred or had begun to occur, in whole or in part.

….

**c.** You will be deemed to know that injury has occurred at the earliest time when any "authorized representative":…

….

**(5)** Becomes aware, or reasonably should have become aware, of a condition from which injury is substantially certain to occur.

The circuit court found that "Vistelar received Verbal Judo's October 2013 'cease and desist' letter; clearly Vistelar knew about Verbal Judo's allegations before it entered the insurance contract with Cincinnati, effective August 8, 2016. Vistelar was aware or reasonably should have been aware of a condition from which injury was substantially certain to occur." The circuit court denied Vistelar's motion for summary judgment and granted Cincinnati's motion for summary judgment. This appeal follows. Additional facts will be included as relevant to the discussion.

## DISCUSSION

¶8      On appeal Vistelar contends that Cincinnati breached its duty to defend and that the circuit court erred in determining that the "known loss" exclusion precluded coverage and in turn, Cincinnati's duty to defend Vistelar.

¶9      "We review summary judgment determinations *de novo*, employing the same methodology as the circuit court." *City of Elkhorn v. The 211 Centralia St. Corp.*, 2004 WI App 139, ¶18, 275 Wis. 2d 584, 685 N.W.2d 874. Summary judgment "is appropriate only 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* (citation omitted). "However, the mere existence of some alleged factual dispute between the parties will not defeat an

otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* "A factual issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* (citations and one set of quotation marks omitted).

¶10 Vistelar contends that Verbal Judo's complaint alleges claims within Cincinnati's broad grant of coverage and that the "known loss" exclusion does not apply. Cincinnati, while agreeing with the circuit court's ultimate determination that it did not breach its duty to defend, contends that the circuit court erred in determining that its policy provided an initial grant of coverage. Cincinnati contends that the "requirement that Vistelar must not have known prior to the policy period that the injury at issue had occurred or had begun to occur is an element of the insuring agreement, not a policy exclusion." Because we agree with the circuit court that the "known loss" provision precludes coverage—regardless of where it appears in the insurance agreement—we need not determine whether the policy provides an initial grant of coverage. Rather, we decide this case on the narrow question of whether the "known loss" provision ultimately precludes coverage and in turn, absolves Cincinnati of its duty to defend Vistelar.

¶11 "Interpretation of an insurance contract is a question of law which this court reviews *de novo*." *Id*, ¶19. The known loss doctrine holds that insurers are not obligated to cover losses that are already occurring when the coverage is written or that have already occurred. *Estate of Logan v. Northwestern Nat'l Cas. Co.*, 144 Wis. 2d 318, 348, 424 N.W.2d 179 (1988).

¶12 Here, the circuit court correctly found that Vistelar knew its injury had occurred or had begun to occur before the policy period. The circuit court found that based on the October 16, 2013 "cease and desist" letter from Verbal Judo,

7

Vistelar knew of the possibility that it was committing trademark infringement. Vistelar contends that the circuit court erred because the letter did not contain any allegations of trademark infringement; rather, the letter was "prospective only," essentially serving as a warning. We agree with Cincinnati that "Vistelar's argument ignores the plain language of that letter and the effect of its own response."

¶13 The October 16, 2013 letter accuses Vistelar of breaching its licensing agreement with Verbal Judo by failing to forward certain revenues; accordingly, the letter informed Vistelar that Verbal Judo would not be renewing its licensing agreement and demanded that Vistelar immediately cease using any of Verbal Judo's materials, products, and intellectual property. The letter warns Vistelar that its failure to do so will result in "immediate legal action." Vistelar acknowledged receipt of the cease and desist letter and responded that any continued use of Verbal Judo's intellectual property was accidental. According to Verbal Judo's complaint, Vistelar continued to use Verbal Judo's intellectual property as late as 2017. Vistelar obtained the Cincinnati policy in August 2016—almost three years after receipt of the cease and desist letter—and, according to Verbal Judo's complaint, while continuing to use Verbal Judo's property. Vistelar's conduct falls squarely within the policy's "known loss" exclusion, which states that Cincinnati will not provide coverage if Vistelar "[b]ecomes aware, or reasonably should have become aware, of a condition from which injury is substantially certain to occur." The record is clear that Vistelar knew that any continued use of Verbal Judo's property beyond the date of the cease and desist letter was ripe for a lawsuit. Indeed, the cease and desist letter explicitly threatened legal action if Vistelar did not cease use of Verbal Judo's property—whether knowing or accidental.

¶14    Because the liability policy does not provide coverage for Verbal Judo's allegations against Vistelar, Cincinnati necessarily did not breach its duty to defend Vistelar.  Accordingly, we affirm the circuit court.

*By the Court.*—Order affirmed.

Not recommended for publication in the official reports.